JOHN T. HAYES v. THE STATE.

No. 13489.   Delivered June 4, 1930.
Reported in 29 S. W. (2d) 381.

The opinion states the case.

*McEntyre, Shields & Elam,* of Canton, and *Edward Brown,* of Wellington, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, bigamy; penalty, four years in the penitentiary.

The substance of the State's testimony is that appellant married Beulah Bradshaw in Wood County and they lived there as man and wife some twelve or thirteen years. Seven children were born of their marriage. The wife of appellant by this marriage left Wood County in the summer of 1928, which was after his alleged bigamous marriage, proven to have occurred on the 2nd day of March, 1928. The State introduced the second wife as a witness to prove the alleged bigamous marriage, to which appellant objected on the ground that she was incompetent as a witness, especially until after proof of a former valid marriage. The record, we think, sufficiently shows such proof. When this witness testified, under these circumstances, she was a competent witness to prove the bigamous marriage. Underhill's Criminal Evidence (3rd Ed.),

paragraph 600; Crow v. State, 72 S. W. 392; Bryan v. State, 63 Tex. Crim. Rep. 200.

Appellant tendered the issue of his reputation as a peaceful, law abiding citizen and offered testimony in support of the affirmative of same. On cross-examination of his witnesses they were asked about specific instances of misconduct of appellant, which reflected unfavorably on this trait of character put in issue. Objection was made to this cross-examination and the matter is presented by several bills of exception. Appellant having tendered the issue mentioned, the cross-examination was proper. Howard v. State, 37 Tex. Crim. Rep. 498; Forrester v. State, 38 Tex. Crim. Rep. 245; Fox v. State, 158 S. W. 1141.

The sufficiency of the evidence is questioned. The evidence sufficiently shows a prior existing valid marriage at the time the alleged bigamous marriage was consummated and that the first wife was living at the time of such second marriage. This was sufficient without proof that the parties had not been divorced. This was a matter of defense. Hull v. State, 7 Tex. Crim. App. 593; May v. State, 4 Tex. Crim. App. 424.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.